# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| CERTIFIED MANAGEMENT, INC., dba ASSOCIA HAWAII and REGENCY AT POIPU KAI, | ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

CIVIL NO. 17-00056 KJM

ORDER GRANTING PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS

## ORDER GRANTING PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed its Motion for Summary Judgment Against All Defendants on December 27, 2017 ("Motion"). *See* ECF No. 30. Defendant Certified Management, Inc., dba Associa Hawaii ("Associa") filed its Memorandum in Opposition to the Motion on February 22, 2018 ("Opposition"). *See* ECF No. 37. Defendant Regency at Poipu Kai ("Regency") filed a Joinder to Associa's Opposition on February 23, 2018 ("Joinder"). *See* ECF No. 39. Plaintiff filed its Reply on March 1, 2018. ECF No. 40.

The Court held a hearing on the Motion on March 15, 2018. Ashley R. Shibuya, Esq., appeared on behalf of State Farm. Wesley H.H. Ching, Esq., appeared on behalf of Associa, and John D. Marshall, Esq., appeared on behalf of Regency. After carefully considering the memoranda, arguments, and the record in this case, the Court GRANTS the Motion.

## BACKGROUND

Regency is a condominium association for a condominium located on Kaua'i. ECF No. 33 at ¶ 4. At all relevant times, Associa served as the managing agent for Regency, pursuant to a Fiscal & Administrative Property Management Agreement for Regency AOAO ("Management Agreement"). *Id.* at ¶ 13.

This declaratory action arises out of a lawsuit filed by Frederick T. Caven, Jr. ("Caven"), on behalf of himself and a class of similarly situated persons, against Associa in the Circuit Court of the First Circuit, State of Hawai'i ("Underlying Lawsuit").[1] State Farm asks this Court to find that, under the terms of an insurance policy issued by State Farm to Regency, State Farm has no duty to defend or

---

[1] The Underlying Lawsuit is entitled, *Frederick T. Cavern, Jr. v. Certified Management, Inc., dba Associa Hawaii*, Civil No. 16-1-1778-9 RAN. *See* ECF No. 33 at ¶ 1.

indemnify Regency and Associa with respect to the Underlying Lawsuit. The facts of this case are generally undisputed.[2]

I.      The Underlying Lawsuit

In the Underlying Lawsuit, Caven alleges that he was a previous co-owner of a condominium unit located on Kauaʻi ("Unit"). ECF No. 33-3 at ¶ 31. "As an owner of the [Unit], [Caven] was required to be a member of two homeowners associations:  Poipu Kai Association, and [Regency]" (collectively, "Associations"). *Id.* at ¶ 32.[3]  Caven alleges that Associa was the managing agent for both Associations. *Id.* at ¶ 33.

Caven alleges that he sold the Unit in or around April 2016. *Id.* at ¶ 34.  In connection with the sale of the Unit, Caven had to provide the purchaser with condominium documents for both Associations, which Caven's real estate agent requested from Associa. *Id.* at ¶¶ 35-36.  Associa provided Caven with a "link to an internet site where [Caven] could download the requested documents." *Id.* at

[2]  Associa does not dispute the facts State Farm asserts in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, and 21 of State Farm's First Amended Separate Concise Statement of Facts in Support of the Motion ("CSOF"). *See* ECF No. 36 at 2-4.  Because the Court generally limits its summary of this case background to undisputed facts, for efficiency purposes, the Court only cites to facts in State Farm's CSOF admitted by Associa.  Where there is a disputed fact, however, the Court notes the dispute and cites to the appropriate party's filing.

[3]  Regency is a condominium association within the Poipu Kai Association.  ECF No. 33 at ¶ 4.

¶ 37. Associa charged Caven a fee of $182.29 to download 197 pages of condominium documents for Regency. *Id.* at ¶ 38. In addition, Associa charged Caven $286.46 for a one-page "fee status confirmation," "a document prepared by [Associa] which contains financial and other information sufficiently detailed to comply with requests for information and disclosures related to the resale of [the Unit]." *Id.* at ¶ 40.

Caven alleges that the fees Associa charged Caven and other unit owners for the condominium documents were excessive and in violation of Hawaiʻi law. Caven asserts the following clams against the Associa in the Underlying Lawsuit: (1) Count I – Violations of Haw. Rev. Stat. Chapter 514B; (2) Count II – Violations of Haw. Rev. Stat. Chapter 421J; and (3) Count III – Violations of Haw. Rev. Stat. Chapter 480. *See* ECF No. 33-3 at 13-16. Regency is not a party in the Underlying Lawsuit.

II.   State Farm's Insurance Policy to Regency

Regency is the named insured on a residential community association policy issued by State Farm to Regency, Policy No. 91-BN-8879-2 ("Policy"). ECF No. 33 at ¶ 15. The coverage period for the Policy was from December 15, 2015, to December 15, 2016. *Id.*

Caven initiated the Underlying Lawsuit on September 20, 2016. ECF No. 33 at ¶ 1. Associa asserts that, on or around October 3, 2016, Associa tendered

4

its request for defense and indemnification of the claims in the Underlying Lawsuit to Regency pursuant to a defense and indemnity provision in the Management Agreement. ECF No. 36 at ¶ 24. Regency's board of directors subsequently submitted Associa's tender to State Farm for coverage under the Policy. *Id.* at ¶ 25. On October 27, 2016, State Farm informed Associa via e-mail that it would defend Associa in the Underlying Suit. *See id.* at ¶ 26; *see also* ECF No. 33 at ¶ 17.

The parties dispute whether State Farm's agreement to defend Associa in the Underlying Lawsuit was subject to a full reservation of rights by State Farm. Associa contends that it never received a reservation of rights from State Farm. ECF No. 36 at ¶ 28. State Farm, however, contends that it sent a letter to Associa, dated December 2, 2016, setting forth its reservation of rights as to its defense of Associa in the Underlying Lawsuit ("Reservation Letter"). ECF No. 41-3.

III. The Present Lawsuit

State Farm filed its Complaint in this case on February 8, 2017. ECF No. 1. State Farm filed its First Amended Complaint on October 2, 2017. ECF No. 24. Associa filed its Counterclaim for Declaratory Judgment ("Counterclaim") against State Farm on October 12, 2017. ECF No. 27-1. In the Counterclaim, Associa seeks a declaratory judgment stating that, pursuant to the Policy, State Farm has a

duty to defend and a duty to indemnify Associa in the Underlying Lawsuit, among other things. *See id.* at 6.

State Farm filed the instant Motion on December 27, 2017, seeking summary judgment as to its First Amended Complaint and Associa's Counterclaim.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Accordingly, this Court shall grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000). The moving party must identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "A fact is material if it could

affect the outcome of the suit under the governing substantive law." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).

If the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." *Id*. The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *California v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003); *Addisu v. Fred Meyer, Inc*., 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

II.    Diversity Jurisdiction

This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Accordingly, this Court must apply Hawaiʻi state law to determine

whether State Farm has a duty to defend and a duty to indemnify Regency and

Associa under the Policy. *See Gasperini v. Ctr. for Humanities, Inc*., 518 U.S.

415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply

state substantive law and federal procedural law."); *Ill. Nat'l Ins. Co. v. Nordic*

*PCL Constr., Inc*., 870 F. Supp. 2d 1015, 1028 (D. Haw. 2012) (applying state law

to determine whether alleged construction defects were caused by "occurrence" as

defined by the language in the insurance policy at issue). "When interpreting state

law, a federal court is bound by the decisions of a state's highest court."

*Progressive Cas. Ins. Co. v. Ferguson*, 134 F. Supp. 2d 1159, 1162 (D. Haw. 2001)

(citing *Ariz. Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)).

"In the absence of such a decision, a federal court must predict how the highest

state court would decide the issue using intermediate appellate court decisions,

decisions from other jurisdictions, statutes, treatises, and restatements as

guidance." *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990) (citation omitted).

## DISCUSSION

I.    Hawaiʻi Insurance Coverage Law

An insurer has a duty to indemnify its insured "for any loss or injury which

comes within the coverage provisions of the policy, provided it is not removed

from coverage by a policy exclusion." *Dairy Rd. Partners v. Island Ins. Co.*, 92

Haw. 398, 413, 992 P.2d 93, 108 (Haw. 2000). The Hawaiʻi Supreme Court has

previously recognized that "[t]he obligation of an insurer to defend an insured is distinct from the duty to provide coverage." *Hart v. Ticor Title Ins. Co.*, 126 Haw. 448, 458, 272 P.3d 1215, 1225 (2012) (citing *Pancakes of Haw., Inc. v. Pomare Prop. Corp.*, 85 Haw. 286, 291, 944 P.2d 83, 88 (1997)). "Indeed, an insurer's duty to defend is 'broader than the duty to pay claims and arises wherever there is a mere *potential* for coverage[ ]' under a policy." *Id.* (quoting *Diary Road Partners*, 92 Haw. at 412, 992 P.2d at 107. "All doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured." *Id.* (citations omitted).

"Hawaii abides by the 'complaint allegation rule,' whereby the determination of whether an insurer has a duty to defend focuses on the claim and facts that are alleged." *State Farm Fire & Cas. Co. v. GP West, Inc.*, 190 F. Supp. 3d 1003, 1014 (D. Haw. 2016) (citing *Burlington Ins. Co. v. Oceanic Design & Constr. Inc.*, 383 F.3d 940, 944 (9th Cir. 2004)); *see also Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co.*, 76 Haw. 166, 170, 872 P.2d 230, 234 (1994) (citations omitted) ("The duty to defend is limited to situations where the pleadings have alleged claims for relief which fall within the terms for coverage of the insurance contract."). "Where the pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend." *Hawaiian Ins. & Guar. Co. v. Blair Ltd.*, 6 Haw. App. 447, 449 726 P.2d 1310,

1312 (Ct. App. 1986). "Stated differently, 'to have any effect at all,' the duty to defend must be determined when the claim is initially asserted." *Hart*, 126 Haw. at 458, 272 P.3d at 1225 (quoting *Pancakes of Haw.*, 85 Haw. at 292, 944 P.2d at 89).

"In determining whether coverage exists under a liability policy, Hawaii courts do not look at the way a litigant states a claim, but rather at the underlying facts alleged in the pleadings." *State Farm Fire & Cas. v. Elsenbach*, No. CV 09-00541 DAE-BMK, 2011 WL 2606005, at *8 (D. Haw. June 30, 2011) (citing *Oahu Transit Servs., Inc. v. Northfield Ins. Co.*, 107 Haw. 231, 238, 112 P.3d 717, 724 (2005); *Bayudan v. Tradewind Ins. Co.*, 87 Haw. 379, 387, 957 P.2d 1061, 1069 (Ct. App. 1998)). "Furthermore, where a suit raises a potential for indemnification liability of the insurer to the insured, the insurer has a duty to accept the defense of the entire suit even though other claims of the complaint fall outside the policy's coverage." *Hawaiian Holiday*, 76 Haw. at 169, 872 P.2d at 233 (citations and internal quotation marks omitted).

"On a motion for summary judgment regarding its duty to defend, the insurer bears the burden of proving there is 'no genuine issue of material fact with respect to whether a *possibility* exists that the insured would incur liability for a claim covered by the policy.'" *GP West, Inc.*, 190 F. Supp. 3d at 1014 (emphasis in *Tri-S Corp.*) (quoting *Tri-S Corp. v. W. World Ins. Co.*, 110 Haw. 473, 488, 135 P.3d 82, 97 (2006)). "The insured's burden, on the other hand, is 'comparatively

light, because it has merely to prove that a *possibility* of coverage exists.'" *Id.*

(emphasis in *Tri-S Corp.*) (quoting *Tri-S Corp.*, 110 Haw. at 488, 135 P.3d at 97).

II.     State Farm's First Amended Complaint Against Regency and Associa

        A.      Whether the Policy Requires State Farm to Defend and Indemnify
                Regency in the Underlying Lawsuit

State Farm argues that, pursuant to the terms of the Policy, State Farm has

no duty to defend or indemnify Regency with respect to the Underlying Lawsuit.

*See* ECF No. 30-3 at 16-17. Neither Associa's Opposition nor Regency's Joinder

address this argument. At the hearing on the Motion, Mr. Marshall stated on

behalf of Regency that Regency does not oppose the Motion as to this issue. The

Court thus considers State Farm's request for summary judgment against Regency

as unopposed. "When a motion for summary judgment is unopposed, the motion

should nonetheless be granted only when the movant's papers are themselves

sufficient to support the motion, and the papers do not reveal a genuine issue of

material fact." *Martin v. U.S. Bank Nat'l Ass'n*, CIVIL NO. 14-00458 DKW-

BMK, 2015 WL 12697723, at *3 (D. Haw. Oct. 23, 2015) (other citation omitted)

(citing *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997)).

The Policy requires State Farm to defend Regency against any "suit" seeking

damages for covered claims of "bodily injury," "property damage," or "personal

and advertising injury." ECF No. 33-9 at 33. The Policy defines "suit" as "a civil

proceeding in which damages because of 'bodily injury', 'property damage', or

11

'personal and advertising injury', to which this insurance applies are alleged." *Id.* at 47. "Suit" can also include arbitration or alternative dispute resolution proceedings in which such damages are claimed. *See id.*

There is no dispute that Regency is not a party to the Underlying Lawsuit. The Court thus finds that no "suit," as defined in the Policy, has been initiated against Regency. Accordingly, under the terms of the Policy, State Farm does not have a duty to defend or indemnify Regency with respect to the Underlying Lawsuit, and State Farm is entitled to summary judgment as to its First Amended Complaint against Regency.

B.      Whether the Policy Requires State Farm to Defend and Indemnify Associa

State Farm argues that it has no duty to defend or indemnify Associa in the Underlying Lawsuit because: (1) Associa is not an "insured" under the Policy; (2) the Underlying Lawsuit does not allege a claim covered by the Policy; (3) Associa is not an "insured" under the Policy's "Directors and Officers Liability" endorsement; and (4) an exception to the Policy's exclusion for "contractual liability" not does apply. The Court discusses each argument in turn below. As an initial matter, however, the Court addresses the only asserted issue of material fact: whether State Farm's initial agreement to defend Associa in the Underlying Lawsuit was subject to a reservation of rights by State Farm.

> 1. There is no genuine issue of material fact as to State Farm's reservation of rights.

In a footnote in its Opposition, Associa asserts: "The absence of a reservation of rights at a minimum raises a disputed issue with respect to whether or not State Farm should have more promptly explained the basis for noncoverage and with respect to State Farm's continuing obligation to defend the underlying lawsuit." ECF No. 37 at 7 n.1. Although Associa cites to *AIG Hawaii Insurance Co. v. Smith*, 78 Haw. 174, 891 P.2d 261 (1995), it provides no explanation as to how this case supports its assertion. After reviewing *AIG Hawaii Insurance Co.*, the Court reads Associa's assertion as one arguing that there are issues of fact as to whether State Farm is estopped from denying coverage at this point. "Whether State Farm is estopped from attempting to decline coverage is an affirmative defense that [Associa], not State Farm, bear[s] the burden of proving." *State Farm Fire & Cas. Co. v. Vogelgesang*, 834 F. Supp. 2d 1026, 1038 (D. Haw. 2011) (citing *Cal. Dairies Inc. v. RSUI Indem. Co.*, 617 F. Supp. 2d 1023, 1048 n.11 (E.D. Cal. 2009) ("To demonstrate waiver, the insured bears the burden of proof to demonstrate that the carrier intentionally relinquished a right or that the carrier's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished."); *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 635-36 (1995) (same)).

Other than asserting that it did not receive a reservation of rights from State Farm, Associa presents no evidence suggesting that State Farm relinquished its right to contest coverage. By contrast, State Farm submitted a copy of the Reservation Letter in connection with its Reply. ECF No. 41-3. The Reservation Letter is dated December 2, 2016, approximately two months after Associa initially tendered its request for defense and indemnity to Regency. In the Reservation Letter, State Farm sets forth the reasons it "specifically reserv[es its] rights to deny coverage to [Associa] and anyone else seeking coverage under the policy." *Id.* at 1. After carefully reviewing the Reservation Letter, the Court finds that the arguments State Farm makes in its Motion are also listed in the Reservation Letter as potential bases to deny coverage. *See, e.g.*, *id.* ("There is a question as to whether [Associa] would be considered an insured as defined in the [Policy].").

Based on the foregoing, the Court finds that there is no genuine issue of material fact that State Farm did not waive its right to contest coverage. The remaining material facts are undisputed.

2. Associa is not an "insured" under the Policy.

The Court now turns to the question of whether, as a matter of law, State Farm is required to defend and indemnify Associa under the terms of the Policy. *See P.W. Stephens Contractors, Inc. v. Mid Am. Indem. Ins. Co.*, 805 F. Supp. 854, 858 (D. Haw. 1992) (citation omitted) ("The interpretation of contract language is

a matter of law, and therefore appropriate in a pretrial motion such as a motion for summary judgment.").  State Farm contends that it has no duty to defend or indemnify Associa in the Underlying Lawsuit because Associa is not an "insured" under the Policy.  The Court agrees.

The Policy sets forth the following pertinent provision regarding who qualifies as an "insured" based on Regency's organization structure:

If you are designated in the Declarations as . . .

> (4)  An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties are your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders. . . .

ECF No. 33-9 at 41.

It is undisputed that Regency is the named insured.  The Policy's Declarations designate Regency as a corporation, *i.e.*, an organization other than a partnership, joint venture, or limited liability company.  *See id.* at 2.  Thus, Regency's executive officers, directors, and stockholders are also insureds, but only as to their respective duties or liabilities as such.  Associa presents no evidence that it is an executive officer, director, or stockholder for Regency.  Nor does the Underlying Lawsuit contain any allegations against Associa in any capacity as Regency's executive officer, director, or stockholder.  The Court thus finds that Associa is not an "insured" under the above provision.

In addition, the Policy also includes as an insured "[a]ny person (other than your 'employee' or 'volunteer worker'), or any organization while acting as your real estate manager *but only with respect to liability for 'bodily injury'*." *See id.* at 85 (emphasis added). The Policy does not define "real estate manager." Regardless, however, the Court finds that this provision does not apply because there is no allegation of bodily injury in the Underlying Lawsuit.

The Policy defines "bodily injury" as "bodily injury, sickness, or disease sustained by a person, including death, resulting from any of these at any time. 'Bodily injury' includes mental anguish or other mental injury caused by the 'bodily injury[.]'" *Id.* at 44. The Court has carefully reviewed Caven's allegations in the Underlying Lawsuit, and finds that there are no allegations of "bodily injury." Caven alleges that Associa overcharged him and other unit owners for copies of condominium documents, and he seeks to recover monetary damages arising out of such excess charges. Thus, even assuming Associa was acting as Regency's "real estate manager," Associa is not an insured under the Policy because there is no allegation of "bodily injury" in the Underlying Lawsuit.

Based on the foregoing, the Court finds that Associa is not an "insured" under the Policy. Accordingly, State Farm has no duty to defend or indemnify Associa with respect to the Underlying Lawsuit at this time.

3. The Underlying Lawsuit does not allege a claim covered by the Policy.

Even if Associa somehow qualified as an insured under the Policy, neither State Farm's duty to defend nor its duty to indemnify has yet been triggered, as the Underlying Lawsuit does not allege a claim covered by the Policy. The Policy provides that State Farm "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage', or 'personal and advertising injury' to which this insurance applies." ECF No. 33-9 at 33. The Policy also provides that State Farm "will have the right and duty to defend the insured by counsel of our choice against any 'suit' seeking those damages." *Id.* The Policy applies to, in relevant part: (1) "bodily injury" or "property damage" caused by an "occurrence"; and (2) "personal and advertising injury" caused by an offense arising out of [Regency's] business. *Id.*

For the reasons set forth below, the Court finds that the Underlying Lawsuit does not allege a claim for "bodily injury" or "property damage" caused by an "occurrence," or a "personal and advertising injury."

a. The Underlying Lawsuit does not allege a claim for "bodily injury" or "property damage" caused by an "occurrence."

The Policy defines "bodily injury," "property damage," and "occurrence" as follows:

"Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death, resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury" . . . .

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, electronic data is not tangible property.

ECF No. 33-9 at 44, 46.

First, as this Court previously determined, the Underlying Lawsuit contains no allegation of "bodily injury" as defined in the Policy. Second, the Underlying Lawsuit also contains no allegation of "property damage" as defined in the Policy. More specifically, the Underlying Lawsuit makes no allegation of physical injury to or loss of use of Caven's or other owners' tangible property. Rather, Caven seeks to recover damages arising out of the excessive fees charged by Associa, which are economic in nature. The Court thus finds that, based on the allegations of the Underlying Lawsuit, no possibility exists that an insured under the Policy

would incur liability for a claim of "property damage." *See Allstate Ins. Co. v. Hui*, 57 F. Supp. 2d 1039, 1044 (D. Haw. 1999) ("Numerous cases have held that economic loss does not constitute damage or injury to property." (citations omitted)).

Third, the claims in the Underlying Lawsuit did not arise out of an "occurrence." The Policy states that "occurrence" means "an accident," but does not further define "accident." As the Hawai'i Supreme Court has previously explained, "accident" in the insurance context is an injury that cannot be expected or reasonably foreseeable:

> The question of what is an "accident" must be determined by addressing the question from the viewpoint of the insured. This court has addressed this question previously in *AIG Haw. Ins. Co. v. Estate of Caraang*[,74 Haw. 620, 635-36, 851 P.2d 321, 329 (1993)]:
>
> > [I]f the insured did something . . . or failed to do something, and the insured's expected result of the act or omission was the injury, then the injury was not caused by an accident and therefore not . . . within the coverage of the policy . . . ." [*Hawaiian Ins. & Guar. Co. v.] Blanco*, 72 Haw. [9] at 16, 804 P.2d [876] at 880 [(1990)] (insured fired rifle in victim's direction, intending to frighten but instead injuring him; injury held to be reasonably foreseeable and therefore not accidental from insured's viewpoint; consequently, insurer had no duty to defend); *see also* [*Hawaiian Ins. & Guar. Co. v.] Brooks*, 67 Haw. [285] at 292, 686 P.2d [23] at 27-28 [(1984)] (from perspective of insured truck driver, sexual assault of hitchhiker in rear section of vehicle by insured's co-worker not accidental where insured aware of attack but chose not to do anything to prevent him or mitigate harm to victim, thereby facilitating commission of act; insurer held to have no duty to defend or indemnify).

. . . .

> The teaching of *Blanco* and *Brooks*, however, is that, in order
> for the insurer to owe a duty to defend or indemnify, the injury
> cannot be the expected or reasonably foreseeable result of the
> insured's own intentional acts or omissions.

*Hawaiian Holiday*, 76 Haw. at 170, 872 P.2d at 234.

In the Underlying Lawsuit, Caven alleges that Associa charged him and
other owners an excessive fee in exchange for copies of condominium documents.
The expected and reasonably foreseeable result of Associa's act is that Caven and
other owners would incur this fee. Thus, pursuant to Hawaiʻi law, the Court finds
that Associa's alleged act of charging Caven and other owners fees for copies of
condominium documents was intentional, and not an accident. Accordingly,
pursuant to Hawaiʻi law, Associa's alleged act of charging excessive fees does not
constitute an "occurrence" under the Policy. The Court makes this finding
regardless of whether Associa believed that its fees were excessive or in violation
of Hawaiʻi law. *See Cty. of Maui v. Ace Am. Ins. Co.*, Civil No. 14-00236 LEK-
RLP, 2015 WL 1966682, at *9 n.5 (D. Haw. Apr. 30, 2015) ("[T]he critical inquiry
is not whether the insured acted in bad faith or out of ill will, but whether the
injury was an expected or foreseeable result of the insured's act.").

       b.     The Underlying Lawsuit does not allege a claim for "personal and advertising injury."

The Policy defines "personal and advertising injury" as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.  False arrest, detention or imprisonment;

    b.  Malicious prosecution;

    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.  The use of another's advertising idea of your "advertisement";[4] or

    g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

ECF No. 33-9 at 46.

---

[4] "Advertisement" is defined as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purposes of attracting customers or supporters." ECF No. 33-9 at 44.

Viewing the facts alleged in the Underlying Lawsuit in the light most favorable to Associa, the Court finds that there is no claim for a "personal and advertising injury" as defined in the Policy. There is no allegation in the Underlying Lawsuit that implicates one of the qualifying offenses listed above. Accordingly, the Underlying Lawsuit does not assert a claim for "personal and advertising injury" as defined in the Policy.

Based on the foregoing, the Court finds that there are no factual allegations in the Underlying Lawsuit that raise even the possibility of coverage under the Policy. Thus, even if Associa was an insured, State Farm would have not duty to defend or indemnify Associa.

Moreover, the Court notes that Associa's Opposition does not directly respond to State Farm's argument that the Underlying Lawsuit does not assert a covered claim. Instead, Associa simply asserts that "the allegations in the Complaints in the Underlying Lawsuit . . . at a minimum include allegations of 'injury to Plaintiff Caven and each Class Member' and 'special and general damages' and 'consequently damages as the evidence may warrant'." ECF No. 37 at 19-20. Based on the quoted language, Associa refers to Caven's prayer for relief in the Underlying Lawsuit. *See* ECF No. 33-3 at 17.

Although unclear, Associa appears to assert that the type of relief listed in Caven's prayer for relief indicates that he may seek more than economic losses

and, therefore, the possibility of coverage exists. The Court's main focus in determining whether the possibility of coverage exists, however, is on the factual allegations in the Underlying Lawsuit, and not the relief prayed for in the complaint. *Cf. Elsenbach*, 2011 WL 2606005, at *8 (D. Haw. June 30, 2011) (citations omitted) ("In determining whether coverage exists under a liability policy, Hawaii courts do not look at the way a litigant states a claim, but rather at the underlying facts alleged in the pleadings."). The Court thus is not persuaded by Associa's bare assertion.

        4.    Associa is not an "insured" under the Policy's "Directors and Officers Liability" endorsement.

The Policy includes a "Directors and Officers Liability" endorsement ("DOL Endorsement"), which provides additional coverage for "those sums that the insured becomes legally obligated to pay as damages because of a 'wrongful act' to which this endorsement applies." ECF No. 33-9 at 63. State Farm contends that Associa is not an "insured" for purposes of the DOL Endorsement, which includes: (1) any of Regency's directors, officers, managers, or trustees who has been duly elected or appointed to serve on Regency's managing body and was acting within the scope of his or her respective position; (2) the named insured (*i.e.*, Regency); (3) any of Regency's members or renters; and (4) any lawful spouse of the qualifying persons identified in numbers (1) through (3). *See id.* at 65.

Based on the plain language of the DOL Endorsement, the Court finds that there is nothing in the record indicating that Associa is an "insured." Nor does Associa assert in its Opposition that it is an "insured" under the DOL Endorsement. Because Associa is not an insured under the DOL Endorsement, there is no possibility of coverage in the Underlying Lawsuit. Accordingly, State Farm has no duty to defend or indemnify Associa.

5. An exception to the Policy's exclusion for "contractual liability" does not apply to Associa.

In light of the Court's findings that there is no coverage under the Policy, the Court need not address the parties' remaining arguments regarding the Policy's exclusions. Nevertheless, the Court does address Associa's argument that an exception to the exclusions applies. In particular, Associa argues that the possibility of coverage exists pursuant to an exception to the Policy's exclusion for "contractual liability" ("contractual liability exclusion"). The Court disagrees.

Pursuant to the contractual liability exclusion, coverage under the Policy does not apply to "'[b]odily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." ECF No. 33-9 at 34. The Policy provides exceptions to the contractual liability exclusion, however, for certain instances involving an "insured contract." The Policy defines "insured contract," in relevant part, as: "That part of any other contract or agreement pertaining to your business . . . under which you

24

assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person organization. . . ." *Id.* at 45.

Associa's argument focuses on the contractual liability exclusion's exception for liability for damages:

> Assumed in a contract or agreement that is an "insured contract", provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
> > ii. Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
> >
> > iii. Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*Id.* at 34-35.

Associa contends that the Management Agreement constitutes an "insured contract," and that the "reasonable attorney's fees and litigation expenses being incurred by Associa fall within the liability that Regency assumed in the Management Agreement." ECF No. 37 at 17. Associa's contention fails, however, because this exception to the contract liability exclusion applies only where (1) the "reasonable attorney fees and necessary litigation expenses incurred . . . are deemed to be *damages because of 'bodily injury' or 'property damage*[.]'" ECF

No. 33-9 at 34 (emphasis added).  Moreover, application of this exception would also require that "[s]uch attorney fees and litigation expenses are for defense of that party against a civil . . . proceeding in which *damages to which this insurance applies* are alleged."  *Id.* (emphasis added).  As set forth above, the Underlying Lawsuit does not seek damages because of "bodily injury" or "property damage" as those terms are defined in the Policy.  Nor does the Underlying Lawsuit allege damages to which the Policy applies.  Accordingly, even if the Management Agreement constituted an "insured contract," there is no possibility of coverage under this exception to the contractual liability exclusion.

In sum, the Court finds that there are no genuine issues of material fact and, as a matter of law, there is no possibility of coverage under the Policy in the Underlying Lawsuit because (1) Associa is not an "insured," and (2) the Underlying Lawsuit does not assert a covered claim for "bodily injury" or "property damage" caused by an "occurrence," or a claim for "personal and advertising injury" as defined in the Policy.  State Farm thus has no duty to defend or indemnify Associa in the Underlying Lawsuit.  Accordingly, State Farm is entitled to summary judgment as to its First Amended Complaint against Associa.

III.    Associa's Counterclaim Against State Farm

Associa's Counterclaim seeks a declaratory judgment stating that State Farm has a duty to defend and a duty to indemnify Associa in the Underlying Lawsuit.

As set forth above, there are no genuine issues of material fact. Thus, for the same reasons discussed herein, the Court finds that as a matter of law State Farm has no duty to defend or indemnify Associa in the Underlying Lawsuit. Accordingly, State Farm is entitled to summary judgment as to Associa's Counterclaim.

CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion for Summary Judgment Against All Defendants. Specifically, the Court finds that as a matter of law that State Farm has no duty to defend or indemnify Regency in the Underlying Lawsuit. In addition, State Farm has no duty to defend or indemnify Associa in the Underlying Lawsuit. The Clerk of the Court shall enter judgment in favor of State Farm.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 27, 2018.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*State Farm Fire & Cas. Co. v. Certified Mgmt., Inc., dba Associa Haw., et al.*, CV 17-00056 KJM; Order Granting State Farm Fire and Casualty Company's Motion for Summary Judgment Against All Defendants